**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| RICKY W. MONTZ,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY f/k/a LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. 2:23-CV-00134-KD-B |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 14, 2023, by telephone and was attended by:

M. Clayborn Williams for Plaintiff

Iwana Rademaekers for Defendant

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendant's brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense. **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time.** This is not to be simply a restatement of the complaint and answer.

   a. Plaintiff was a participant in an ERISA governed welfare benefit plan established and maintained by his employer, Walmart, Inc., to provide long term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that the termination of his benefits was wrongful and in contravention of the terms of the plan. Plaintiff further alleges that decision on appeal was untimely and therefore this claim was deemed exhausted. Defendant

breached fiduciary duties in refusing to rectify this issues before suit was filed. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees.

b. Defendant denies that Plaintiff is entitled to recover long term benefits from the Walmart Plan under the policy issued to Walmart by Defendant. Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable plan documents and based on the administrative record. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the plan's definition of disability. Defendant also states that its claims decision was in accordance with the plan's provisions, legally correct, and neither arbitrary nor capricious.

2. The parties request that trial, if required, be held in Selma.

3. This non-jury action should be ready for trial by **July 1, 2024** and at this time is expected to take approximately 1-2 days.

4. The parties request a pretrial conference in **June 2024**.

5. Discovery Plan. The parties jointly propose to the court the following discovery plan:

(a) Discovery will be needed on the following subjects: Plaintiff's claim is pursuant to 29 U.S.C. § 1132(a)(1)(B) for recovery of disability benefits from an ERISA plan, which is insured by Defendant's policy. As such, any discovery sought by Plaintiff is limited to those topics deemed appropriate for these specialized claims.

(b) All discovery commenced in time to be completed by **January 16, 2024**.

6. Initial Disclosures. The parties have exchanged the information required by Fed.R.Civ.P. 26(a)(1).

7. The parties request until **August 28, 2023** to join additional parties and amend the pleadings.

8. Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by **November 16, 2023**.

from Defendant by **December 15, 2023**.

9. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by **30 days before trial**.

10. Discovery Limits.

    (a) Maximum of **<u>25</u>** interrogatories by each party to any other party. Responses due **<u>30</u>** days after service.

    (b). Maximum of **<u>5</u>** depositions by Plaintiff and **<u>5</u>** by Defendant (excluding experts and parties). Each deposition is limited to a maximum of **<u>7</u>** hours unless extended by agreement of parties.

    (c) Maximum of **<u>30</u>** requests for admission by each party to any other party. Responses due **<u>30</u>** days after service.

    (d) Maximum of **<u>30</u>** requests for production by each party to any other party. Responses due **<u>30</u>** days after service.

11. All potentially dispositive motions filed by **<u>February 15, 2024</u>**.

12. Settlement cannot be evaluated until the parties engage in discovery.

13. Disclosure or discovery of electronically stored information should be handled as follows: All electronically stored information generated as part of the claim process was produced to Plaintiff on June 8, 2023.

14. Other Matters. None.

Date: June 16, 2023

s/ *M. Clayborn Williams* (by consent)
**M. CLAYBORN WILLIAMS**
(ASB-9101-A43M)
Attorney for Plaintiff
**THE MARTIN LAW GROUP, LLC**
P.O. Box 20087
Tuscaloosa, AL 35402
PH: (205) 343-1771
FX: (205) 343-1781
Email: clay@erisacase.com

/s/*Iwana Rademaekers*
**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**Law Offices of Iwana Rademaekers, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com